**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | |
| *Plaintiff* | § | SA-23-CV-01210-XR |
| | § | |
| -vs- | § | |
| | § | |
| NATIONAL TELECOMMUTING | § | |
| INSTITUTE, INC., | § | |
| *Defendant* | § | |
| | § | |
| | § | |
| | § | |

## <u>CONSENT DECREE</u>

THIS CONSENT DECREE is made and entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "the Commission"), and Defendant, National Telecommuting Institute, Inc. ("Defendant" or "NTI"). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action, 5:23-cv-01210-XR. The EEOC initiated this lawsuit under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991. Specifically, EEOC alleged that Defendant discriminated against the Charging Parties, Roger Sullivan and Shane Keller, and a class of similarly aggrieved individuals (collectively referred to in the Complaint as "Aggrieved Individuals") in violation of the ADA by failing or refusing to place or refer them for employment because they are blind or have low vision and use assistive technology such as screen readers and screen enlargers over 2X magnification.

NTI denies all of the allegations in EEOC's lawsuit and denies that it discriminated against any individual on the basis of any alleged disability. NTI maintains its entire mission is devoted to assisting individuals with disabilities in obtaining employment opportunities.

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree.

For the purpose of this Consent Decree, the following definitions apply:

1.      Registrant: A registrant is any individual who has registered on NTI's website.

2.      Aggrieved Individual: Any individual identified in the list EEOC provides to Defendant within 30 days of the Effective Date of this agreement.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.      This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2.      This Consent Decree resolves all issues raised in EEOC's Complaint and EEOC Charges of Discrimination Nos. 451-2018-00781 and 16C-2021-01075. EEOC waives further litigation of all issues raised in the above-referenced Complaint. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3.      During the term of this Consent Decree, Defendant's officers, managers, employees, agents, successors, and assigns are hereby enjoined from engaging in any employment practice that discriminates against registrants, individuals with access to NTI's job board, or employees on the basis of disability in violation of the ADA. Specifically, Defendant is enjoined from discriminating against registrants, individuals with access to NTI's job board, or employees with vision-related disabilities in violation of the ADA by (1) failing or refusing to provide them access to Defendant's job board on the basis of their need to use assistive technologies such as

screen readers or screen enlargers, (2) limiting, segregating, or classifying registrants and individuals with access to NTI's job board because they are disabled and use assistive technology such as screen readers and screen enlargers over 2X magnification, (3) failing or refusing to accommodate their disabilities, including but not limited to failing to make Defendant's onboarding process, typing test, skills workshops and video assessment accessible, and (4) denying them employment opportunities because of their need for reasonable accommodations. Further, Defendant's officers, managers, employees, agents, successors, and assigns are enjoined from retaliating against any person because of their engagement in protected activity and/or opposition to any practice made unlawful pursuant to the ADA.

4.   **Monetary Relief:** By agreement of the Parties, Defendant shall pay the total gross amount of One Million and Two Hundred Fifty Thousand Dollars ($1,250,000.00) as follows:

a.   The Commission shall, in its sole discretion, determine the portion of this amount to be paid to each Aggrieved Individual, including Intervenor Sullivan and Charging Party Keller, with any amount attributed to backpay subject to the same tax and withholdings required for wages paid in the ordinary course of business. The Commission will also determine any amounts to be paid to each Aggrieved Individual as non-wage damages under 42 U.S.C. §1981(a) of the Civil Rights Act of 1991, which shall not be subject to payroll deductions or taxes.

b.   The Commission will also convey to Defendant the portion of the total gross amount to be paid to Intervenors' attorneys in settlement of Intervenors' claims for attorney's fees. This amount shall also be set forth in a separate settlement agreement to be executed between Intervenors and Defendant.

c.   Within ten (10) days of the Effective Date, the Commission shall provide to Defendant a letter in which it will set forth the amounts of wage and non-wage monetary relief damages allocated to Intervenor Sullivan and the amount to be paid as attorney fees to Intervenor's counsel. The EEOC will also, in a separate communication within the same ten (10) days, notify Defendant of the amount of wage and non-wage monetary relief damages to be paid to Charging Party Shane Keller. Prior to issuance of the payments, EEOC will provide Defendant with completed Forms W-4 for Charging Party Keller and Intervenor Sullivan as well as completed Forms W-9 for Charging Party Keller, Intervenor Sullivan, and Intervenor's Counsel. Defendant shall then issue payment for such designated amounts within thirty (30) days of notification by the EEOC.

d.  Within one hundred and eighty (180) days of the Effective Date, the Commission shall provide to Defendant:

  i.  Distribution List detailing the payments to be made to the Aggrieved Individuals as listed in subsection 4(a) above, including each payee's name, address, taxpayer identification number, the payment amounts allocated to wage claims and to noneconomic damages for each Aggrieved Individual, with any amount attributed to backpay subject to the same tax and withholdings required for wages paid in the ordinary course of business;

  ii.  signed and completed taxpayer identification forms for such individuals (e.g. an IRS Form W-9 for non-wage payments and an IRS Form W-4 for payments attributable to wage claims); and

  iii.  a release of claims signed by each individual in the form attached hereto as Exhibit B; and

  iv.  information detailing the payment of fees listed in subsection 4(b), including payment amount and delivery instructions.

e.  The Commission will be solely responsible for contacting the Aggrieved Individuals to gather signed and completed tax forms and releases. The Commission will apprise the Aggrieved Individuals in writing that the deadline to return signed and completed tax forms and releases to the Commission will be no later than one hundred and fifty (150) days following the Effective Date. If the Commission receives signed and completed tax forms and releases from Aggrieved Individuals after this deadline, but before one hundred and eighty (180) days following the Effective Date, the Commission in its sole discretion may include such Aggrieved Individuals in the Distribution List detailing payment.

f.  Monetary payments shall be made on behalf of deceased Aggrieved Individuals through representatives of their estate or next of kin if the Commission in its sole discretion determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided, along with the other documentation required as a condition for payment. Any sums paid to a deceased Aggrieved Individual shall be made payable to the estate of the deceased Aggrieved Individual.

g.  Within forty-five (45) days of the Commission's provision of the Distribution List and tax forms to Defendant, Defendant shall send payment via first class mail or commercial delivery service to each recipient at the mailing address provided by the Commission. Concurrently, copies of the checks and related correspondence shall be submitted to the Commission by email to DDOconsentdecree@eeoc.gov.

h.  Defendant will notify the Commission in the event a payment is returned as undeliverable, and it will forward such returned mail to the EEOC by email to DDOconsentdecree@eeoc.gov. Upon receipt of such information, the Commission will make reasonable efforts to contact the affected individuals to complete delivery of the payment.

i.     Defendant will issue each payee an IRS Form W-2 and Form 1099 as appropriate for the amounts that are paid pursuant to this Decree. Defendant and payees are solely responsible for their own tax liabilities regarding amounts paid under this Decree.

j.     The amounts payable pursuant to this Decree shall be paid in full settlement of the claims against Defendant that were the basis of the Charges of Discrimination or the Complaint and constitute full settlement of all claims made by the Commission.

k.     In no event shall there be any reversion of any portion of the monetary relief to Defendant. If an Aggrieved Individual's check is undeliverable or uncashed within 180 days of issuance, and EEOC cannot locate the Claimant, the missing Claimant shall receive no payments under the Decree and their portion of the settlement shall be paid by Defendant to American Printing House for the Blind as a *cy pres* fund recipient, with instructions that the funds be directed to disability-related charitable purposes.

5.    **<u>IRS Form 1098</u>**:  A copy of IRS Form 1098-F, if the EEOC is required to issue one is, shall be sent to Alan Hubbard, Chief Operating Officer. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

6.    **<u>Priority Placement or Referral:</u>** Defendant agrees to contact each of the Aggrieved Individuals by email and U.S. mail to send a survey designed to assess each Aggrieved Individual's job qualifications, including any specific needs for accommodation. The survey shall be sent within ninety (90) days of the Effective Date of this Consent Decree. Defendant shall provide EEOC with the draft of the proposed survey questions at least thirty (30) days prior to its release to the Aggrieved Individuals. Defendant will make available any openings on its job board

to those Aggrieved Individuals who timely return surveys, have appropriate skills and qualifications, and register for access to Defendant's job board.

In addition, Defendant will work with entities that focus on placing individuals who are blind or have visual impairments in call center jobs, including but not limited to IFB Solutions and Central Florida Lighthouse for the Blind. Defendant will refer Aggrieved Individuals who timely return surveys and have appropriate skills and qualifications to such entities. Such priority placement efforts shall be made within one hundred and twenty (120) days of receiving each Aggrieved Individual's survey response. Within 300 days of the Effective Date, Defendant shall provide to EEOC:

    a.    confirmation that the survey was sent to each Aggrieved Individual;

    b.    a copy of each response to the survey; and

    c.    a brief written Placement Report of Defendant's efforts to place each survey respondent for employment including:

        i.    a description of the available openings, the employer name, job title and rate of pay;

        ii.    whether the individuals who respond to the survey applied for the available openings;

        iii.    whether the survey respondent was placed in the available opening; and

        iv.    if the survey respondent was not placed into the available opening, the reason for non-placement.

**7.**    **Cessation of Policy:** As of the Effective Date of this Consent Decree**,** Defendant confirms that it will not segregate or classify registrants or individuals with access to NTI's job board as candidates for "Future Consideration" based on their use of assistive technology, including but not limited to screen readers, screen magnifiers, and speech recognition software.

**8.**    **ADA Coordinator:** Within 90 days after the Effective Date of this Consent Decree, Defendant will designate a current employee with expertise in the ADA and EEO compliance,

human resources, and personnel matters as ADA Coordinator. If the ADA Coordinator separates from employment with NTI for any reason, NTI will designate a new ADA Coordinator within thirty (30) days. The ADA Coordinator's duties and/or responsibilities will include, but not be limited to the following:

a.  In consultation with an External Monitor (*see* Paragraph 18, *infra*), creating, revising, and/or implementing Defendant's policies and/or practices related to the ADA;

b.  Assisting supervisory employees with their ADA responsibilities, including but not limited to aiding such employees in remaining fully compliant with this Order;

c.  Overseeing compliance with this Consent Decree;

d.  Maintaining records and submitting reports to the External Monitor (*see* Paragraph 18, *infra*);

e.  Acting as the liaison between Defendant and the External Monitor;

f.  Acting as the liaison between individuals with access to NTI's job board and Defendant's employer-partners for the purpose of informing them of ADA requirements and facilitating reasonable accommodations; and ensuring that instruction is provided for those employer-partners who may not understand their obligations or how to effectuate a reasonable accommodation;

g.  Ensuring that Defendant and its staff serve as advocates for reasonable accommodation between (1) individuals with access to NTI's job board and (2) current and prospective employer-partners;

h.  Evaluating whether Defendant has taken appropriate and reasonable action to protect registrants, individuals with access to NTI's job board, and NTI employees with disabilities from discrimination, including retaliation; and

i.  Ensure that the 4-day virtual Remote Customer Care Agent training is accessible to persons who are blind/low vision.

**9.**    **Review of Anti-Discrimination Policies and Practices:** Within ninety (90) days from the Effective Date of this Consent Decree, Defendant shall review its existing anti-discrimination policies and practices and implement new and/or revised written policies that

comply with the ADA. Defendant's revised anti-discrimination policies and practices shall contain the following minimum provisions:

a.    A strong and clear written statement of Defendant's commitment to providing reasonable accommodations to registrants, individuals with access to NTI's job board, and employees with disabilities and preventing unlawful disability-based discrimination and retaliation, including retaliation based on requests for accommodation;

b.    A strong written statement from Defendant's Executive Director that discrimination based on disability or retaliation for engaging in activity protected by the ADA (including requests for accommodation) is a violation of the ADA and will not be tolerated;

c.    Contact information, including a telephone number and email address, to reach the ADA Coordinator;

d.    A clear description of the process for seeking reasonable accommodation of a disability, with an emphasis on the interactive process between Defendant and the disabled registrant, individual with access to NTI's job board, or employee that is used to conduct an individualized assessment of the persons' accommodation needs;

e.    A clear written explanation of the steps a person must take to report disability discrimination or retaliation;

f.    An assurance that Defendant will investigate any and all allegations of unlawful discrimination under the ADA, including denial of reasonable accommodations, and an assurance that such investigation will be prompt, fair, reasonable, and conducted by a neutral investigator specifically trained in receiving, processing and investigating allegations of discrimination;

g.    An assurance that appropriate corrective and prompt action will be taken by Defendant to address any substantiated claims of unlawful discrimination and to eradicate any such unlawful conduct;

h.    A statement that discipline, up to and including termination, will be the consequences imposed upon violators of Defendant's anti-discrimination policies;

i.    A promise of maximum feasible confidentiality for persons who report disability discrimination (including failure to accommodate, failure to hire, and retaliation), or who participate in an investigation into allegations of disability discrimination, harassment, and/or retaliation; and for witnesses who provide testimony or assistance in the investigation(s) of alleged discrimination.

10.    **Reasonable Accommodation Procedures**: Within ninety (90) days from the Effective Date of this Consent Decree, Defendant shall revise its written policies and procedures related to reasonable accommodation of disabilities so as to contain the following minimum provisions:

a.    Contact information, including the telephone number and email address, for the ADA Coordinator;

b.    A clear description of Defendant's process for seeking accommodation of a disability at any point (including during the NTI@Home registration process), including the name and contact information for the ADA Coordinator;

c.    A clear explanation of the interactive process between Defendant and the individual with access to NTI's job board, or employee with a disability;

d.    A clear explanation that Defendant will conduct an individualized assessment of the individual with access to NTI's job board, or employee's accommodation needs; and

e.    An assurance that Defendant's policies will be applied in a way that prevents qualified individuals with disabilities from being screened-out due to their need for accommodation in the registration and/or hiring process.

11.    **Undue Hardship**: Within 90 days after the Effective Date of this Consent Decree, Defendant will cease informing registrants that its employer-partners do not have opportunities available for individuals who need accommodations such as screen readers and screen enlargers. In instances in which one of Defendant's employer-partners claims that a position cannot accommodate screen readers or screen enlargers on the basis of undue hardship:

a.    Defendant will inform the employer-partner that the employer's technology needs to be accessible to blind/low vision applicants and that NTI will not screen out such registrant/applicants.

b.    Defendant will draft a written report detailing the employer-partner's factual basis for concluding that such accommodations would constitute an undue hardship for its employer-partner's business;

c.    Defendant will include with the written report any statements from individuals consulted in making the accommodation and undue hardship decision; and

d.    Defendant will include with the written report any documents supporting the

conclusion that the accommodation would result in undue hardship for its employer-partner.

Defendant will provide a copy of the above-described written report and supporting documentation to the External Monitor within thirty (30) days of Defendant learning that an employer-partner cannot provide an accommodation of screen readers or screen enlargers on the basis of undue hardship.

12.     **Subsequent Amendment of Policies**: During the term of this Consent Decree, if Defendant subsequently amends any policies relating to the ADA, or if new federal laws require Defendant to amend said policies, Defendant will notify the EEOC in writing of the amendment(s) within thirty (30) days of the implementation of the modified policy.

13.     **Publication of Revised Policies**: Within ninety (90) days of the Effective Date of this Consent Decree, all of Defendant's policies related to the ADA, including all policies revised pursuant to this Consent Decree, must be published and made available to all registrants, individuals with access to NTI's job board, or employees via Defendant's internal website and by email or electronic means.

Within ninety (90) days of the Effective Date of this Consent Decree, Defendant shall electronically distribute to each of its employer-partners a copy of its revised policies related to the ADA, including all policies revised pursuant to this Consent Decree, along with a letter expressly stating that (1) it will not deny participation in NTI services to any individual based on their use of assistive technology, including but not limited to screen readers, screen magnifiers, and/or speech recognition software, and (2) it is actively seeking placement opportunities for individuals who are blind or visually impaired and who use screen readers, screen magnifiers, and/or speech recognition software. Defendant will distribute its policies and the above letter in a

manner that is accessible to individuals with disabilities including, but not limited to, those who use screen reader, screen magnification, and/or speech recognition software.

Defendant shall forward to the Commission copies of all policies revised pursuant to this Consent Decree, together with a letter indicating that the policies have been distributed to all employees and employers-partners. For the duration of this agreement, individuals with access to NTI's job board shall receive a copy of Defendant's ADA policies, including its reasonable accommodation policies and procedures, via electronic means within seven (7) days of their application for employment by Defendant.

14. **<u>Disability Discrimination Training:</u>** Within one hundred and eighty (180) days of the date of this Consent Decree, Defendant will develop a comprehensive ADA training program for all employees, including all Human Resources ("HR") employees and supervisory/managerial personnel, on the ADA and Defendant's EEO policies and procedures. All training under this paragraph shall be given by an external consultant with expertise in the ADA and EEO matters at Defendant's expense and selection.

    a. Training to all employees will include, at a minimum, an explanation of the following:

        i. an overview of rights and responsibilities under the ADA;

        ii. an explanation of who is covered by the ADA;

        iii. a statement that Defendant does not automatically disqualify registrants, individuals with access to NTI's job board, or employees who are blind or visually impaired from the job placement process because of their disability and/or their use of assistive technology;

        iv. a statement that all registrants, individuals with access to NTI's job board, or employees are to be assessed on an individualized basis;

        v. an explanation of the process for registrants, individuals with access to NTI's job board, or employees to request a reasonable accommodation;

        vi. an explanation of Defendant's obligation to engage in the interactive

process when responding to a request for accommodation;

    vii.    an explanation of possible reasonable accommodations, including, but not limited to, modification of equipment and software so that they are usable by individuals who use screen readers, screen magnifiers, and speech recognition software;

   viii.    a description of all services provided by Job Accommodation Network (JAN), including their email, website, and telephone contact information;

    ix.    the process by which Defendant will work in good faith to arrive at an effective reasonable accommodation for an employee who has a disability;

    x.    a description of screen readers and screen magnifiers, including how such software programs assist employees who are blind or have visual impairments in performing the essential functions of their jobs;

    xi.    Defendant's policies prohibiting disability discrimination and retaliation, including policies revised pursuant to this Agreement;

    xii.    the identity, role, and duties of the ADA Coordinator;

   xiii.    the identity, role, and duties of the External Monitor; and

   xiv.    contact information for all HR personnel trained in Defendant's ADA policies and procedures.

b.    The training described in this Consent Decree will be incorporated into Defendant's new employee orientation process.

c.    Within one hundred and eighty (180) days of the date of this Consent Decree, Defendant shall ensure that all Human Resources professionals, managers, and supervisory personnel will receive ADA training to include, at a minimum, the following:

    i.    how to identify a request for a reasonable accommodation;

    ii.    the responsibilities of supervisors, managers, and HR personnel when they receive a request for a reasonable accommodation, with a specific discussion of the steps to be taken by members of Defendant's IT department when they receive a request for accommodation related to screen readers, screen magnifiers, and/or speech recognition software;

    iii.    the processes, procedures, and timeframes for supervisors, managers, and HR personnel when they receive a request for a reasonable accommodation;

    iv.    how to engage in the interactive process with individuals with access to NTI's job board or employees seeking disability-related accommodations;

v.      the necessity for an individualized assessment of each request for disability-related accommodations;

vi.     a discussion of Defendant's employer-partners' responsibilities to provide reasonable accommodations under the ADA, and how Defendant's employees should communicate with client-employers about these responsibilities so as to ensure compliance;

vii.    an explanation of screen reader and screen enlargement software, its mechanics, and how employees who are blind or low-vision use this software to perform essential functions of their jobs;

viii.   Defendant's processes for conducting and documenting a full and fair investigation of discrimination complaints;

ix.     Discussion of Defendant's policies and procedures that have been revised pursuant to this Consent Decree, as well as all policies and/or practices that are prohibited pursuant to this Consent Decree; and

x.      the record keeping requirements of the ADA and this Consent Decree.

d.    The training described in this Consent Decree will be at least four (4) hours for HR personnel, at least two (2) hours for managerial and supervisory personnel, and at least two (2) hours for all employees.

e.    During the term of this Consent Decree, Defendant shall, within sixty (60) days of the annual anniversary of the Effective Date of this Consent Decree, provide no less than two (2) hours of ADA training to all of its employees, in accordance with terms set forth in this Section.

**15.    Alteration to Website:** Defendant agrees it will not place or caused to be placed any language on its websites (including but not limited to www.nticentral.org and www.ntiathome.org) indicating that it cannot place individuals who use screen readers, screen magnifiers, and/or speech recognition software. This includes all language that suggests placing individuals who use this assistive technology is more difficult, or that would otherwise discourage a person who is blind or visually impaired from applying.

**16.    Notice Posting:** Within 90 days of the Effective Date of this Consent Decree, Defendant shall electronically distribute the attached notice (Exhibit "A") to all employees. Defendant also shall post a link on the home page of its websites to the attached notice and post

the attached notice in conspicuous areas readily accessible to all employees (such as the employees' lounge or break room). The Notice shall remain posted for the duration of this Consent Decree. If any Notice is covered, removed, defaced, or otherwise altered, Defendant will promptly take action to replace it. Defendant shall certify to the Commission, in writing, within one hundred and twenty days (120) days of the Effective Date of this Consent Decree that the Notice has been properly posted.

17.    **ADA Compliance and Discipline:** If anyone on Defendant's leadership team, any of Defendant's managers, and/or anyone with human resources responsibilities violates Defendant's policies related to the ADA, including but not limited to any policy described in this Consent Decree, he or she shall be subject to discipline, up to and including termination. Compliance with Defendant's policies related to the ADA shall be a factor in individual performance evaluations.

18.    **External Monitor:**    Within ninety (90) days of the date of this Consent Decree, Defendant shall select a qualified individual to serve as the External Monitor responsible for overseeing Defendant's compliance with all provisions in this Consent Decree. The External Monitor shall be knowledgeable about the ADA and shall possess the knowledge, capability, organizational authority, and resources necessary to monitor and ensure Defendant's compliance with the terms of this Agreement. Defendant will identify the prospective monitor to the EEOC. The EEOC will have thirty (30) days to approve the External Monitor. The External Monitor will be paid by Defendant and shall have full access to relevant documents, premises, employees, and other sources of information necessary to exercise his or her duties and responsibilities under this Consent Decree. The External Monitor will have the following duties and responsibilities:

a.    Evaluate whether Defendant has taken appropriate and reasonable action to protect registrants, individuals and access to NTI's job board, and employees and with a

disability from discrimination and/or retaliation;

b.   Ensure that the 4-day virtual Remote Customer Care Agent training is accessible to persons who are blind/low vision;

c.   Assist in the review and revision of Defendant's policies and procedures in accordance with this Consent Decree;

d.   Assist with creating a plan to ensure disabled employees, registrants, and individuals with access to NTI's job board are provided reasonable accommodations;

e.   Review all records and adhere to all reporting requirements as outlined in this Consent Decree; and

f.   Report to and meet with Defendant and the EEOC every six months to review Defendant's compliance with this Consent Decree and evaluate the effectiveness of Defendant's ADA policies.

19.   **Recordkeeping Obligations:** For the duration of this Consent Decree, Defendant shall maintain all records (including hard copy and electronically stored records) necessary to demonstrate its compliance with this Consent Decree, including, but not limited to, the documents specifically identified below:

a.   All records regarding registrants', employees', and individuals with access to NTI's job board's requests for disability-related accommodations, to the extent those documents are within NTI's possession, custody, or control;

b.   All records evidencing Defendant's communications with employer-partners about placement of registrants, individuals with access to NTI's job board, or employees who are blind or visually impaired;

c.   All records evidencing Defendant's compliance with Paragraph 6 of this Consent Decree; and

d.   All employee and applicant reports or complaints of alleged disability-based discrimination and/or retaliation and all records of the investigation of those reports or complaints.

20.   **Reporting Requirements:** Defendant shall provide annual reports in an electronic format to the EEOC.  The first report will be due one hundred and eighty (180) days after the Effective Date of the Consent Decree, and the last report will be due at the expiration of the term

of the Consent Decree. Defendant shall be required to report on the topics below:

    a.    **Confirmation of Defendant's compliance with this Consent Decree**, including revision of Defendant's policies.

    b.    **Training:**  For each training required under this Consent Decree, Defendant shall submit to the EEOC a registry of the number of training attendees, including their name and position. For each training conducted, Defendant will identify the vendor and trainer and provide a copy of the trainer's resume, program agenda, and training materials.

    c.    **Posting of Notice:**  Defendant shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**21.**    **Disability Discrimination Complaints**:  Within ninety (90) days of Defendant receiving a complaint of disability-based discrimination and/or retaliation, Defendant will provide the External Monitor a report summarizing the complaint or report submitted to Defendant's HR or supervisory/managerial personnel, including all the following data if applicable:

    a.    Complaining applicant's or employee's name;

    b.    Date(s) of complaint or report;

    c.    Names of all employees alleged to have engaged in discrimination and/or retaliation;

    d.    A detailed written statement of the alleged discrimination and/or retaliation, including the date(s) on which the alleged discrimination and/or retaliation occurred;

    e.    Name and position of employee assigned to investigate the complaint or report;

    f.    Date investigator assigned;

    g.    A summary of investigative efforts conducted to date, including but not limited to copies of all notes, memorandums, emails, and documentation used in the investigation;

    h.    Whether investigation is concluded and, if so, a statement of conclusions drawn from the investigation; and

    i.    A statement of any remedial steps taken.

Within thirty (30) days of receiving the report, the External Monitor will provide the report to the EEOC summarizing the complaint, investigation, and any remedial action (if applicable).

22.     **Requests for Accommodations:**   On an annual basis, Defendant will provide the External Monitor an Excel spreadsheet containing Defendant's summary of requests for vision-related disability accommodations submitted to Defendant's HR or supervisory/managerial personnel during the reporting period, including all the following data if applicable:

a.      Name and position of employee, registrant, or individual with access to NTI's job board, for whom accommodation is requested;

b.      Date(s) of request;

c.      Short explanation of the need for accommodation, including whether the request is a first request for that individual or is related to a previous request (e.g. request for continuing or modified accommodation), and what accommodation is requested, if any is specified;

d.      Name of HR or supervisory/managerial employee assigned to engage in the interactive process;

e.      Date the interactive process was initiated;

f.      Summary of interactive process efforts conducted to date;

g.      List of potential accommodations identified to date;

h.      Whether the interactive process is concluded and if so, statement of conclusions drawn from the process;

i.      Explanation of what accommodation(s) was/were provided, or, if applicable, an explanation as to why no accommodation was provided; and

j.      An explanation regarding the applicant's or employee's satisfaction with the provided accommodation.

Within sixty (60) days of receiving the spreadsheet, the External Monitor will provide a report to the EEOC summarizing the accommodation request, interactive process efforts, and result(s).

23.     **Information Requests**: For the duration of the Consent Decree, the EEOC shall have the right to request information from Defendant that demonstrates the organization's

compliance with this Consent Decree. Defendant shall comply with a request for such information within thirty (30) days of the request.

24.      **Binding:** The terms of this Consent Decree shall be binding upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

25.      **Designation of EEOC Representative:** When this Consent Decree requires the submission by Defendant of documents or other materials to EEOC, unless otherwise specified herein, such documents or other materials shall be sent to the Commission c/o Philip Moss, Trial Attorney, by email to philip.moss@eeoc.gov and DDOconsentdecree@eeoc.gov.

26.      **Cooperation:**  Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

27.      **Costs and Fees:**  The EEOC and Defendant NTI, as parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the Effective Date of this Consent Decree. Intervenor's attorney's fees shall be paid from the total gross settlement funds in an amount to be agreed upon between EEOC and Intervenors' counsel.

28.      **Term of the Decree:**  The duration of this Consent Decree shall be three (3) years from the Effective Date. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and appropriate for its interpretation, execution, modification, and adjudication of disputes.

29.      **Non-Compliance Resolution:** If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this

Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall then have fourteen (14) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division.

30.    **Effective Date:** This Consent Decree shall become final and effective for all purposes when it is approved, signed, and filed by the Court. The Effective Date shall be used for the calculation of all time periods and actions required pursuant to this Consent Decree.

**SO ORDERED AND ENTERED** this 7th day of August, 2024.

_____
HON. XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

**AGREED TO AS TO FORM AND SUBSTANCE:**

**Dated: August 5, 2024**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

*/s/ Robert A. Canino*
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782
Robert.canino@eeoc.gov

PHILIP MOSS
Trial Attorney
Texas Bar No. 24074764
Philip.moss@eeoc.gov

SHANNON J. BLACK
Trial Attorney
Texas State Bar No. 24126061
E-mail: shannon.black@eeoc.gov

ALEXA LANG
Trial Attorney
Texas State Bar No: 24105356
Email: alexa.lang@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, TX  78229-3555
Telephone:  210.640.7570
Facsimile:  210.281.7669

**ATTORNEYS FOR PLAINTIFF**

*/s/ Nicole S. Lefave*
NICOLE S. LEFAVE
Texas Bar No. 24085432
E-Mail: nlefave@littler.com

EMILY R. LINN
Texas Bar No. 24109478
E-Mail: elinn@littler.com

**LITTLER MENDELSON, P.C.**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 982-7250
Facsimile: (512) 982-7248

JEREMY W. HAWPE
Texas Bar No. 24046041
E-Mail: jhawpe@littler.com

**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
Telephone: (214) 880-8100
Facsimile: (214) 880-0181

**ATTORNEYS FOR DEFENDANT**

**Exhibit A**

**NOTICE TO ALL EMPLOYEES**

**This NOTICE is being entered into pursuant to a Consent Decree between the Equal Employment Opportunity Commission and National Telecommuting Institute ("NTI"). This NOTICE will be conspicuously posted for a period of three (3) years in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**POLICY:**  Discrimination or retaliation of any kind can and often will discourage individuals from continuing with the application process, detract from an employee's job performance, discourage employees from remaining on the job, keep employees from advancing in their careers, and lowers overall employee morale and productivity. It is the policy of NTI that discrimination and retaliation are unacceptable and will not be condoned.

**PURPOSE:**   It is the purpose of this policy to reaffirm and amplify the requirements of Title I of the Americans with Disabilities Act and the amendments thereto and the Equal Employment Opportunity Commission's guidelines on discrimination and retaliation and to reiterate NTI's policy against discrimination and retaliation.

**SCOPE:**   This policy extends to all employees of NTI, including the leadership team, management, non-management, and temporary and/or probationary employees.

**DEFINITION OF DISABILITY:**  An employer cannot discriminate against qualified applicants or employees on the basis of disability. Under the Americans with Disabilities Act, an individual with a disability is a person who (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of an impairment; or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability.

**GENERAL:**   Examples of disability discrimination include, but are not limited to:

- Failing or refusing to hire an individual because of a disability, or discriminating in any other manner against an individual in regard to job application procedures or hiring, and other terms, conditions, and privileges of employment;
- Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;
- Utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability;
- Failing to provide a qualified individual with a disability with a reasonable accommodation, unless doing so would cause an undue hardship;
- Denying employment opportunities to a qualified job applicant based on the applicant's need for a reasonable accommodation;
- Failing to make a proper, individualized assessment of the effect of a job applicant's or

employee's disability on his or her ability to perform essential functions of the job at issue; and

- Requiring an employee to answer disability-related questions and/or submit to a medical examination that is not both job-related and consistent with business necessity.

**REASONABLE ACCOMMODATION:** Under the ADA, an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of a reasonable accommodation include:

- making equipment and software compatible for use by people who use assistive technology, including but not limited to screen readers;
- modifying portions of application and training processes for applicants and new employees who require such modification in order to complete these processes;
- making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- job restructuring;
- modifying work schedules;
- reassignment to a vacant position;
- acquiring or modifying equipment or devices; or
- providing qualified readers or sign language interpreters.

Additionally, medical leave is a reasonable accommodation. Employees returning from a medical leave are entitled to return to work if he or she is able to perform the essential functions of the job, with or without, a reasonable accommodation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies NTI established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination on the basis of disability and/or retaliation, or becomes aware of such discrimination, is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager with NTI, or directly to NTI's human resources department. Managers and supervisors who are informed of an alleged incident of discrimination must immediately notify the Human Resources Department. In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission and file a charge of employment discrimination and/or retaliation. The address and telephone number of the EEOC's San Antonio Field Office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000, OR 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge are available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken by NTI's Human Resources Department. The investigation may include interviewing employees and supervisors, the inspection of documents, including personnel records, and a full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination and/or retaliation can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination and/or retaliation against another employee or an applicant will be subject to appropriate discipline, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including discrimination, has filed a charge of discrimination, or has given testimony, assistance, or otherwise participated in any manner in any investigation, proceeding or hearing under the ADA. NTI will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.**

Signed this _____ day of _____.


_____
National Telecommuting Institute

**Exhibit B**
**RELEASE OF CLAIMS**

In consideration for an amount of at least $_____ to be paid to me by National Telecommuting Institute, Inc. ("NTI"), in connection with the resolution of *EEOC v. National Telecommuting Institute, Inc.*, Case No. 5:23-cv-01210-XR (W.D. Tex.), I waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act of 1990, as amended, that I had against NTI prior to the date of this release and that were included in the claims alleged in EEOC's complaint in the aforementioned lawsuit.


_____
Signature


_____
Full Name (Please Print)


_____
Social Security Number


_____
Date